UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA      *      Case No. 16-CR-123(LDH)
                              *
                              *      Brooklyn, New York
                              *      August 22, 2016
      v.                      *
                              *
GINO GABRIELLI,               *
                              *
            Defendant.        *
                              *

* * * * * * * * * * * * * * * *

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          NADIA ELIZABETH MOORE, ESQ.
                             Asst. United States Attorney
                             United States Attorney's Office
                             271 Cadman Plaza
                             Brooklyn, NY 11201


For the Defendant:           SAMUEL M. BRAVERMAN, ESQ.
                             Fasulo Braverman & DiMaggio
                             901 Sheridan Avenue
                             Bronx, NY  10451




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1    (Proceedings commenced at 2:40 p.m.)

2    THE CLERK: The Honorable Magistrate Judge Peggy Kuo

3    presiding.  Criminal cause for pleading, docket no. 16-CR-

4    123, USA vs. Gabrielli.  Counsel, please state your name for

5    the record, starting with the government.

6    MS. MOORE:  Nadia Moore for the United States.

7    Good afternoon, Your Honor. I'm joined by Special Agent Paul

8    Tambrino of the FBI.

9    MR. TABRINO:  Good afternoon.

10    MR. BRAVERMAN:  Good afternoon, Your Honor.  Sam

11    Braverman for Mr. Gabrielli, seated with me to my left.  My

12    client's mother is here in the audience as well.

13    THE COURT:  Good afternoon, everybody.

14    We're here, I understand, for a guilty plea, yes.

15    MR. BRAVERMAN:  Correct.

16    THE COURT:  First I'd like to make sure that the

17    parties are consenting to have this plea taken before as a

18    magistrate judge.

19    Mr. Gabrielli should know that he has the right to

20    have the plea taken before a district judge. So this would be

21    a waiver of that.

22    And then the other question I had, and Ms. Moore,

23    you can let me know.  This charge has a mandatory minimum of

24    five years, right?

25    MS. MOORE:  Correct.

```
1          THE COURT:  Okay.  So if the sentencing guideline
2    calculations are below that, they are not really relevant,
3    right, because the mandatory minimum is five.
4          MS. MOORE:  Yes, I believe in that case the
5    guidelines would effectively be the mandatory minimum of 60
6    months.
7          THE COURT:  All right.  So I'll ask the questions
8    about the sentencing guideline calculations.  In the event
9    that it turns out the correct calculation takes it above five
10   years, then it would make a difference.
11         But if it's below, I think it's clear that the
12   mandatory minimum would apply.
13         MR. BRAVERMAN:  I agree.
14         THE COURT:  All right.  Okay.  So Mr. Gabrielli,
15   your attorney advises me that you'd like to enter a plea of
16   guilty today.
17         THE DEFENDANT:  Would you like me to stand for the
18   plea?
19         THE COURT:  Oh, no.  That's okay.  He'll need to
20   stand up to be sworn in, yes.
21         MR. BRAVERMAN:  For the oath.
22         THE COURT:  Yes.
23         THE DEFENDANT:  Okay.
24         THE COURT:  And so this is a very important
25   decision for you to make.  I'd like to make sure that you
```

understand all the consequences of your plea and that you're

pleading voluntarily.  So I'd like your answers to my

questions to be under oath.  If you could stand and get sworn

in, please.

(The defendant is sworn.)

THE COURT:  All right. You can be seated.

So Mr. Gabrielli, now that you've been sworn to

tell the truth, you must tell the truth.  If you were to

deliberately lie in response to any question that I ask you,

you could face further criminal charges for perjury and for

making a false statement.

In any such prosecution, the government could use

against you any statements you make here today under oath.

Do you understand?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  All right.  If I say anything during

the proceedings that you don't understand or, if you have any

questions, then please ask. It's important that you

understand everything that goes on here today.  Do you

understand?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  So let's start with a few

preliminary questions.  Can you state your full name, please?

THE DEFENDANT:  Gino Gabrielli, Jr.

THE COURT:  And how old are you?

1           THE DEFENDANT:  23 years old.

2           THE COURT:  How far did you go in school?

3           THE DEFENDANT:  I graduated high school.  I did

4    some college.

5           THE COURT:  All right.  Have you had any problems

6    communicating with your lawyer?

7           THE DEFENDANT:  No.

8           THE COURT:  And have you now or have you recently

9    been under the care of a doctor or a psychiatrist?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  Have you been taking any

12   medications?

13          THE DEFENDANT:  Yes.

14          THE COURT:  When was the last time you took a

15   medication?

16          THE DEFENDANT:  Today actually.

17          THE COURT:  Okay.  Is that having any effect on

18   your ability to understand what's happening today?

19          THE DEFENDANT:  No.

20          THE COURT:  All right.  And have you had any

21   alcohol to drink in the last 24 hours?

22          THE DEFENDANT:  No.

23          THE COURT:  All right.  Have you had any drugs in

24   the last 24 hours?

25          THE DEFENDANT:  No.

1          THE COURT:  Okay. I want to make sure that you're

2     completely -- that your mind is completely clear and that you

3     understand everything that's going on here today.  All right.

4     Is your mind clear?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Okay.  So Mr. Braverman, have you had

7     any problems communicating with your client?

8          MR. BRAVERMAN:  I have none, Your Honor. I've spoke

9     with him over the last 18 months and I have no problems at

10    all and I spoke with him today as well.

11         THE COURT:  Okay.

12         MR. BRAVERMAN:  I'm confident in his ability to

13    understand what's going on here today.

14         THE COURT:  Okay.  Good.  Thank you.

15         Have you had a chance to explain his rights to him?

16         MR. BRAVERMAN:  Yes, Your Honor. I've gone through

17    all of his rights at trial, through the plea, consequences

18    and so forth, and I know he understands them.

19         THE COURT:  Okay.  Great.

20         So I'll -- it's my obligation to go through those

21    again so I just want to confirm with you, Mr. Gabrielli, that

22    you understand the rights you'll be giving up.

23         I want to just ask you a couple of questions and

24    make sure that you've been satisfied with the services of Mr.

25    Braverman as your attorney?

1          THE DEFENDANT:  Yes, of course.

2          THE COURT:  All right.  And you received a copy of

3     the indictment and had a chance to discuss it with him?

4          THE DEFENDANT:  Yes.

5          THE COURT:  So I -- as I understand it, you are

6     seeking today to plead guilty to the charge of arson.  That

7     is, on or about December 4th, 2015, within the Eastern

8     District of New York, you did knowingly, intentionally and

9     maliciously damage and destroy, and attempt to damage and

10    destroy, by means of fire and and explosive, a vehicle used

11    in interstate and foreign commerce and in an activity

12    affecting interstate and foreign commerce.

13         Do you understand that's what you've been charged

14    with?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Okay.  So Mr. Gabrielli, let me explain

17    --

18       (Pause.)

19         MR. BRAVERMAN:  I apologize, Judge.

20         THE DEFENDANT:  Sorry.

21         THE COURT:  Let me explain to you some of the

22    rights or all of the rights that you'll be giving up by

23    pleading guilty. All right?

24         I want to make sure that you understand you have a

25    right under the constitution and laws of the United States to

1    have a speedy and public trial before a jury.

2             You have the right to the assistance of an attorney

3    for your defense at any trial and at all stages of the

4    proceedings. If you could not afford an attorney, one would

5    be appointed for you by the court.

6             Do you understand that?

7             THE DEFENDANT:  Yes, Your Honor.

8             THE COURT:  At trial, you would be presumed

9    innocent.  You would not have to prove anything, including

10   your innocence.

11            Under our system of law, the burden is with the

12   government to come forward with proof that convinces a jury

13   beyond a reasonable doubt that you are guilty.

14            If the government failed to meet this burden of

15   proof, the jury must find you not guilty.  And verdict by the

16   jury, whether guilty or not guilty, would have to be

17   unanimous.  That means that everybody would have to agree,

18   all 12 jurors would have to agree.

19            Do you understand that?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  At trial, witnesses for the government

22   would have to come to court and testify in your presence.

23   Your lawyer would have the right to cross examine those

24   witnesses.  He could raise legal objections to the

25   government's evidence.  He could offer evidence on your

1  behalf if you or he thought there was evidence that might

2  help you in this case.

3          If you thought there were witnesses out there who

4  could help your case, but who did not want to come and

5  testify on your behalf, your attorney could ask the court to

6  make those witnesses come and testify in your defense.  Do

7  you understand?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  At trial, you'd have a right to testify

10  on your own behalf if you wanted to, but you could not be

11  forced to.

12          This is because under the Constitution and laws of

13  the United States, no person can be compelled to be a witness

14  against himself.

15          So if you wanted to go to trial but chose not to

16  testify, a judge would instruct the jury that they could not

17  hold that against you. Do you understand?

18          THE DEFENDANT:  Yes.

19          THE COURT:  If instead of going to trial you plead

20  guilty to the crime charged, and if your guilty plea is

21  accepted, you will be giving up your right to a trial and all

22  the other rights I have just discussed.  There will be no

23  trial in this case.

24          You will stand convicted of the crime to which you

25  are pleading guilty just as if a jury found you guilty.  Do

1    you understand?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  If you do plead guilty, I will have to

4    ask you certain questions about what you did in order to

5    satisfy myself that you are, in fact, guilt of the charge.

6              You will have to answer my questions and

7    acknowledge your guilt.  This means that you will be giving

8    up your right not to incriminate yourself. Do you understand?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Are you willing to give up your right

11   to a trial and all the other rights that I've just described?

12             THE DEFENDANT:  Yes.

13             THE COURT:  All right.  So Mr. Gabrielli, I must be

14   certain that you understand the consequences of pleading

15   guilty to the single charge in the indictment.

16             The charge arson carries the following potential

17   penalties.  There's a minimum term of imprisonment of five

18   years.  The maximum term of imprisonment of 20 years.

19             After a term of imprisonment there will be three

20   years of supervised release.  If a condition of release is

21   violated, you may be sentenced up to two years without credit

22   for pre-release imprisonment or time previously served on

23   post-release supervision.

24             There's a maximum fine of $250,000, depending on

25   your ability to pay.  There's a mandatory restitution in the

full amount of each victim's loss, as determined by the court.

There's a hundred dollar special assessment which must be imposed. And there's criminal forfeiture in an amount determined by the court.

Now in federal prison there used to be a system called parole. What this meant was that you could be sentenced to some amount of time in prison, but it was possible you would be released early after a certain amount of your sentence has passed. Whether or not you would be released was a decision that was up to something called a parole board.

Parole still exists in some states, but it has been abolished in the federal system. That means if you're sentenced to prison, you will not be released on parole. Do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you plead guilty, District Judge LaShann DeArcy Hall will be the sentencing judge. I want to briefly review how Judge DeArcy Hall will determine your sentence when the time comes.

Have you had a chance to discuss sentencing with your attorney?

THE DEFENDANT: Yes.

THE COURT: And so, Mr. Braverman, have you

1    discussed sentencing --

2            MR. BRAVERMAN:  Yes, we have.

3            THE COURT:  -- and all its aspects with your

4    client?

5            MR. BRAVERMAN:  We have.

6            THE COURT:  Okay.  And in your view does Mr.

7    Gabrielli understand how the judge will arrive at a sentence?

8            MR. BRAVERMAN:  He does.

9            THE COURT:  Okay.  So Mr. Gabrielli, I must explain

10    a few things to you about sentencing.

11            The crime to which you're pleading guilty carries

12    the potential consequences I've just described, including a

13    maximum term of 20 years and other punishments.

14            To determine a reasonable sentence within those

15    potential consequences, one of the things that the sentencing

16    judge must consider is something called the sentencing

17    guidelines.  Those guidelines are merely that.  They are a

18    guide to help the court determine where within the range of

19    consequences your sentence should fall, whether supervised

20    should be imposed, whether a fine should be imposed and if

21    so, how much.  The guidelines are not mandatory, but the

22    court is required to consider them.

23            Ms. Moore, can you state on the record what the

24    government estimates to be the range of sentence under the

25    sentencing guidelines?

1          MS. MOORE:  Yes, Your Honor.

2          Based on a base offense level under 2K1.4(a)(2) of

3     20, with a three point reduction for acceptance of

4     responsibility, the government estimates that the defendant's

5     total offense level would be 17 and with an estimated

6     criminal history of category 1, the range would be 24 to 30

7     months, but given the mandatory minimum in this case, it

8     would be 60 months.

9          THE COURT:  Okay.  Mr. Braverman, do you have any

10    disagreements that you'd like to put on the record?

11         MR. BRAVERMAN:  No, Your Honor.

12         THE COURT:  All right.  So Mr. Gabrielli, I want to

13    emphasize that what the government stated is just an estimate

14    based on what the government knows today, and it's not

15    binding on the sentencing judge when she sentences you. Do

16    you understand?

17         THE DEFENDANT:  Yes.

18         THE COURT:  All right.

19         You also understand that because there's a

20    mandatory minimum term of imprisonment of five years, the

21    fact that the sentencing guidelines, as estimated by the

22    government, or whatever that sentencing guideline eventually

23    turns out to be, according to the sentencing judge, if it's

24    below the five years, you must be sentenced to the five

25    years, because that's a mandatory sentence.  Okay?

1          But I'll explain a few things about the sentencing

2     guidelines, because there's some possibility, since we don't

3     know yet what the sentencing guidelines actually are, that

4     they could be higher. So I just wanted to let you know in

5     case that turns out to be the case, and see if you understand

6     how that will work.

7          So even if you're sentenced to something other than

8     what the sentencing guideline estimated stated by the

9     government today and in light of the mandatory minimum

10    sentence of five years, if your sentence is something

11    different than that, you will still not be allowed to

12    withdraw your plea of guilty.  Do you understand?

13              THE DEFENDANT:  Yes, Your Honor.

14              THE COURT:  When the time comes for her to sentence

15    you, Judge DeArcy Hall will do her own calculation under the

16    sentencing guidelines and it is that calculation, and only

17    that calculation, that will be used at the time of

18    sentencing.  Do you understand?

19              THE DEFENDANT:  Yes, Your Honor.

20              THE COURT:  The sentencing guidelines themselves

21    allow a sentencing judge in some circumstances to depart

22    upward or downward from the initial advisory guideline range,

23    and in addition to the sentencing guidelines, the law also

24    requires the sentencing judge to consider another set of

25    sentencing factors that are set out in law.  We call them the

1    3553 factors.

2         Those factors include the seriousness of the crime

3    you committed, your history and background, the need for

4    punishment and the need to deter you and others from

5    committing crimes.

6         After taking these things into consideration, Judge

7    DeArcy Hall may sentence you to something higher or lower

8    than the range called for by the advisory sentencing

9    guidelines.  She could not sentence you to something lower

10   than the mandatory minimum, but she could potentially

11   sentence you to something higher.

12        Do you understand?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE COURT:  The important thing that you must

15   understand is that until the time of sentencing, no one can

16   tell you exactly what guideline will apply to your case, or

17   what your sentence will be; not your lawyer, not the

18   government's lawyer, not me and not Judge DeArcy Hall.  Do

19   you understand that?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  To help calculate the guideline

22   applicable to your case and to evaluate the 3553 factors, as

23   she determines your sentence, the sentencing judge will get a

24   presentencing report from the Probation Department. The

25   report will be about you, your history and background, the

1    charge and other things.  The Probation Department will do

2    their own guideline calculation and will also recommend a

3    sentence that they believe is appropriate.

4                    You and your lawyer, as well as the government,

5    will have an opportunity to see the report and guideline

6    calculation and to challenge them in any way.  Do you

7    understand?

8                    THE DEFENDANT:  Yes, Your Honor.

9                    THE COURT:  The sentencing judge will then hold a

10   sentencing hearing where she will hear from your lawyer and

11   the government.  If necessary, the lawyers can present

12   witnesses and evidence on any sentencing issue.

13                   You may bring family and friends to court to

14   support you at sentencing.  You'll also have a chance to

15   speak at sentencing to tell the judge anything you want to

16   tell her before she sentences you. Do you understand?

17                   THE DEFENDANT:  Yes, Your Honor.

18                   THE COURT:  At the sentencing hearing, Judge DeArcy

19   Hall will use the presentence report from probation and all

20   of the other information, recommendations and arguments she

21   receives so she can calculate and consider the applicable

22   guideline range, weigh the 3553 factors and determine your

23   sentence.  Do you understand?

24                   THE DEFENDANT:  Yes, Your Honor.

25                   THE COURT:  Okay.

1          Under some circumstances, you or the government may

2    have the right to appeal any sentence imposed on you.  You

3    may appeal your conviction if you believe that your guilty

4    plea today was somehow unlawful or involuntarily, or there

5    was some other fundamental defect in these proceedings that

6    was not waived by your plea.

7          You also have a statutory right to appeal your

8    sentence under certain circumstances if you believe that your

9    sentence was contrary to law. Do you understand?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Has anyone forced you or threatened  to

12    make you waive your right to appeal?

13          THE DEFENDANT:  No.

14          THE COURT:  Mr. Braverman, are --

15          MS. MOORE:  Your Honor, I'll just note there is no

16    plea agreement, so he doesn't -- he hasn't waived his right

17    to appeal.

18          THE COURT:  Well --  okay.

19          MR. BRAVERMAN:  Absent any conditional plea, which

20    this is not.  The only thing that would survive would be, as

21    the court just outlined --

22          THE COURT:  Yes.

23          MR. BRAVERMAN:  -- things -- defects,

24    jurisdictional and voluntariness or sentencing, there's

25    nothing -- and there's nothing else in this case and there's

1    no plea agreement, so --

2              THE COURT:  Okay.

3              MR. BRAVERMAN:  -- there's been no waiver of

4    appeal.  Just whatever naturally survives the pleaded charge.

5              THE COURT:  Okay.  All right.  Thank you for that

6    correction.

7              So just to understand that you have a very limited

8    right to appeal the sentence and so I just want to make sure

9    that you understand that.  You've waived your right to appeal

10   the charge, but you may have some rights to appeal the

11   sentence.  Okay?

12             Mr. Braverman, do you -- are you aware of any

13   viable legal defense to the charge?

14             MR. BRAVERMAN:  None, Your Honor.

15             THE COURT:  And do you know of any reason why Mr.

16   Gabrielli should not plead guilty?

17             MR. BRAVERMAN:  There are no reasons and I

18   encourage him to do so.

19             THE COURT:  All right.  Mr. Gabrielli, do you have

20   any questions you'd like to ask me about the charge, or your

21   rights, or anything else before we proceed?

22             THE DEFENDANT:  No questions, Your Honor.

23             THE COURT:  All right.  Do you need any more time

24   to talk to your attorney?

25             THE DEFENDANT:  No.

1          THE COURT:  Okay.  Are you ready to plead at this

2     time?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Mr. Gabrielli, what is your plea to the

5     charge of arson; guilty or not guilty?

6          THE DEFENDANT:  Guilty.

7          THE COURT:  Are you making this plea of guilty

8     voluntarily and of your own free will?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Has anyone threatened or forced you to

11     plead guilty?

12          THE DEFENDANT:  No.

13          THE COURT:  Has anyone made you any promise as to

14     what your sentence will be?

15          THE DEFENDANT:  Can you repeat the question,

16     please?

17          THE COURT:  Has anyone promised you what your

18     sentence will actually be?

19          (Counsel and defendant confer.)

20          THE DEFENDANT:  No.

21          THE COURT:  Okay.  So just to be clear, there's a

22     mandatory minimum of five years, but it could be more than

23     that.

24          THE DEFENDANT:  Correct, yes.

25          THE COURT:  Okay.  So you understand that?

1    THE DEFENDANT:  Yes, I do.

2    THE COURT:  And earlier when I asked you whether

3    you were making this plea voluntarily and of your own free

4    will, you hesitated a moment. So I just want to understand if

5    you have any questions about that, about whether you're doing

6    this voluntarily?

7    MR. BRAVERMAN:  Do you understand her question?

8    THE DEFENDANT:  No, I don't understand the

9    question.

10    (Counsel and defendant confer.)

11    MR. BRAVERMAN:  Judge, thanks for the opportunity.

12    I just wanted to explain the word choice the court made and

13    my client understands it now.

14    THE COURT:  Okay.  So --

15    MR. BRAVERMAN:  I've heard it before and I'm

16    familiar with it.  I just wanted to make sure he did and I

17    appreciate the court's concern.

18    THE COURT:  Okay.  So I just want to ask you, are

19    you making this plea of guilty voluntarily and of your own

20    free will?

21    THE DEFENDANT:  Yes.

22    THE COURT:  All right.  So I read the charge to you

23    a few minutes ago and I'd like you to tell me in your own

24    words what happened on December 4th, 2015.  What did you do?

25    THE DEFENDANT:  I set a car on fire on that date in

1    furtherance of a federal crime.

2              MR. BRAVERMAN:  And where was that?  Where?

3              THE DEFENDANT:  In the Queens district.

4              THE COURT:  All right.

5              Ms. Moore, did you want to add anything to that?

6              MS. MOORE:  If you would just inquire whether he

7    did this knowingly and intentionally when he set the car on

8    fire.

9              THE COURT:  Okay.  Did you do it intentionally and

10   knowing what you were doing?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Okay.  So it wasn't an accident, what

13   you did.

14             THE DEFENDANT:  No.

15             THE COURT:  Okay.

16             MS. MOORE:  And then I'll just note that if this

17   were to go to trial, we would be able to establish that the

18   car the defendant set on fire was leased and that as a leased

19   car it was used in an affecting interstate commerce, and we

20   would ask the defendant stipulate to that.

21             MR. BRAVERMAN:  We'd so stipulate, Judge. I am

22   certain that no Mercedes Benz are manufactured in the State

23   of New York or in the Southern District of New York.

24             THE COURT:  Okay.  So it was a Mercedes Benz?

25             MR. BRAVERMAN:  It was.

1      THE DEFENDANT:  Yes.

2      THE COURT:  All right.  Mr. Braverman, do you have

3  anything else to add?

4      MR. BRAVERMAN:  I have nothing further to add.

5      THE COURT:  All right.  Ms. Moore?

6      MS. MOORE:  No, Your Honor.

7      THE COURT:  All right.  So based on the information

8  given to me, I find that the defendant is fully competent and

9  capable of entering an informed plea, that he is acting

10  voluntarily, that he fully understands his rights, the charge

11  and the consequences of his plea and that there is a factual

12  basis for the plea.

13      I recommend, therefore, that the defendant's plea

14  of guilty to arson be accepted.

15      So Mr. Gabrielli, the next step is that you'll meet

16  with somebody from the Probation Department to prepare that

17  presentence report I described. I urge you to cooperate with

18  them, obviously, with your lawyer's advice.  You must be

19  truthful and forthcoming with them.

20      A date for sentencing before Judge DeArcy Hall is

21  currently set for November 23rd at 11 o'clock a.m.  All

22  right.  Is there anything else?

23      MR. BRAVERMAN:  Nothing further from the defense.

24      MS. MOORE:  Not from the government.  Thank you,

25  Your Honor.

1           THE COURT:  Okay.

2           MR. BRAVERMAN:  Thank you very much.  Thanks for

3      accommodating us, Judge.

4           THE DEFENDANT:  Thank you very much, Your Honor.

5      (Proceedings concluded at 3:02 p.m.)

6      I, CHRISTINE FIORE, court-approved transcriber and

7      certified electronic reporter and transcriber, certify that

8      the foregoing is a correct transcript from the official

9      electronic sound recording of the proceedings in the above-

10     entitled matter.

11

12     *Christine Fiore*

13     _____          September 23, 2016

14     Christine Fiore, CERT

15

16

17

18

19

20

21

22

23

24